UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER E. CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>WESLEY McALLISTER, et al.,<br><br>    Defendants. | No.  2:16-cv-0601 CKD P<br><br><br><br>ORDER |

I. <u>Introduction</u>

     Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2  II. Screening Standard

3      The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15     In order to avoid dismissal for failure to state a claim a complaint must contain more than
16 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
23 at 678. When considering whether a complaint states a claim upon which relief can be granted,
24 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26 U.S. 232, 236 (1974).

27 ////

28 ////

III. Complaint

Plaintiff alleges that medical staff at California Medical Facility provided inadequate medical care in 2015 when plaintiff developed a leg infection and had an emergency blood transfusion. (ECF No. 8 at 3.) Plaintiff broke out in a rash and hives and complained about chest pains. (Id.) Plaintiff also alleges that he received poor medical care in 2014, when he was sent to an outside hospital by ambulance but prison doctors did nothing to help relieve his medical issues. (Id. at 4.)

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d

3

1   at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

2       Second, the plaintiff must show the defendant's response to the need was deliberately
3   indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act
4   or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
5   indifference. Id. Under this standard, the prison official must not only "be aware of facts from
6   which the inference could be drawn that a substantial risk of serious harm exists," but that person
7   "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
8   approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A
9   showing of merely negligent medical care is not enough to establish a constitutional violation.
10  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

11      A difference of opinion about the proper course of treatment is not deliberate indifference,
12  nor does a dispute between a prisoner and prison officials over the necessity for or extent of
13  medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d
14  1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

15      As it fails to state a claim under this standard, plaintiff's complaint must be dismissed.
16  The court will, however, grant leave to file an amended complaint.

17  IV. Leave to Amend

18      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
19  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
20  Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in
21  specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.
22  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
23  claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory
24  allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
25  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
27  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
28  complaint be complete in itself without reference to any prior pleading. This is because, as a

1   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

2   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

4   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5        In accordance with the above, IT IS HEREBY ORDERED that:

6        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

7        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

8   shall be collected and paid in accordance with this court's order to the Director of the California

9   Department of Corrections and Rehabilitation filed concurrently herewith.

10       3.  Plaintiff's complaint is dismissed.

11       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

12  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

13  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

14  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

15  two copies of the amended complaint; failure to file an amended complaint in accordance with

16  this order will result in a recommendation that this action be dismissed.

17  Dated:  April 8, 2016

18       CAROLYN K. DELANEY

19       UNITED STATES MAGISTRATE JUDGE

22  2 /clar0601.14.new